IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SURENDRARAY THAKKAR, et al., )
                              )
            Plaintiffs,       )
                              )
     v.                       )   No. 05 C 6582
                              )
ERDMANN HIEBERT, et al.,      )
                              )
            Defendants.       )

MEMORANDUM ORDER

Erdmann Hiebert and G&S Holdings, Inc. have filed their Answer to the First Amended Complaint ("FAC") brought against them by Surendraray and Aruna Thakkar (collectively "Thakkars"), who assert Surendraray's personal injuries and Aruna's loss of consortium stemming from an automobile accident, with federal jurisdiction being predicated on diversity of citizenship grounds. This memorandum order is issued sua sponte to require the correction of some basic errors in that responsive pleading.

Some clue as to the inattentiveness exhibited by defense counsel's drafting may be found in their conversion of the FAC's "Factual Allegations" subheading to "Effectual Allegations" in the Answer. That might perhaps be viewed jocularly as a judicial admission that torpedoes defendants' First Affirmative Defense, which is framed as the equivalent of a Fed. R. Civ. P. ("Rule") 12(b)(6) motion ("the plaintiffs have failed to state a claim upon which relief can be granted"). But because that affirmative defense is frivolous on its face, it is stricken even without the

possible aid of that arguable admission.

As to the assertions in the Answer itself, both Answer ¶2 and Answer ¶6 fail to conform to the plain directive of the second sentence of Rule 8(b) as to what must be said to gain the benefit of a deemed denial--see App. ¶1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Accordingly Answer ¶¶2 and 6 are stricken, but with leave granted to defense counsel to file an amendment to the Answer curing that flaw on or before February 6, 2006.

Next, Answer ¶9 is not directly responsive to the allegations of FAC ¶9, thus violating the mandate contained in the first sentence of Rule 8(b). That paragraph of the Answer is also stricken, again with leave to replead.

Finally, the allegations about the fact of the automobile collision in FAC ¶11 would not seem to be appropriately subject to denial, although the Answer's denial of the entire paragraph as alleged by Thakkars (rather than parsing it) might perhaps be sought to be justified on the basis that the collision was there said to be the proximate result of negligence on defendants' part. But the same cannot be said of the outright denials (a) in Answer ¶12, for Complaint ¶12 asserts Surendraray's personal injuries as a proximate result of the collision (not defendants' negligence), or (b) in Answer ¶13, for Complaint ¶13 ascribes Aruna's deprivation of consortium to Surendraray's injuries

2

Surendraray's injuries (again not to defendants' negligence). Accordingly Answer ¶¶12 and 13 are also stricken, once again with leave to replead in a more studied manner.

As stated earlier, defense counsel are given until February 6, 2006 to file the required amendment to the Answer. Failing a timely and suitable amendment, each of the corresponding allegations of the FAC will be deemed to have been admitted by defendants.

_____
Milton I. Shadur
Senior United States District Judge

Date:  January 25, 2006